WO

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

Janice Walker,                                     )
                                                   )        CV 08-310 TUC DCB
            Plaintiff,                             )
                                                   )
v.                                                 )
                                                   )
Southern Arizona Legal Aid, Inc., Anthony )        **ORDER**
Young, Sharon Rauseo, Bruce Plenk, Peter )
Akmajian, and Pamela Brown,                        )
                                                   )
            Defendants.                            )
_____)

On May 30, 2008, the Plaintiff was granted leave to proceed *in forma pauperis,* and the Clerk of the Court filed the Complaint without payment by the Plaintiff of the filing fee. The Plaintiff will have failed to serve the Complaint on the Defendants within 120 days on September 30, 2008, and the case will be subject to dismissal under Fed. R. Civ. P. 4(m). The Court, however, dismisses the Complaint, with leave to amend, for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). In the event the Plaintiff amends the Complaint to state a claim, the Court will allow Plaintiff an extension of 30 days to serve the Amended Complaint or it will be subject to dismissal for failure to serve it on Defendants.

Background

The Plaintiff alleges she is disabled due to having an impaired immune system. The Plaintiff alleges she contacted Defendant Southern Arizona Legal Aid (SALA) in September of 2005, seeking legal assistance to secure an accommodation for her disability at the apartment complex where she lived, the Oasis in the Catalinas. She alleges SALA initially refused to represent her due to her disability, but then assigned her an attorney, Bruce Plenk. She alleges that Defendant Plenk and other attorneys at SALA, who covered for Mr. Plenk

during vacations and at other times, failed to adequately represent her with two owners and their management teams at the Oasis in the Catalinas from September 2005 until she was forced to move because the apartment complex continued to refuse to accommodate her disability.

In March of 2006, she moved to the Plum Tree Apartments.  The Plaintiff alleges that the Plum Tree Apartments failed to accommodate her disability, which was instead aggravated by their failure to address leaks and mold during the monsoon rainy season.  She alleges that again SALA attorneys failed to represent her interests with the landlord, and she was forced to move when the apartment complex refused her accommodations.

In November 2006, she moved to Sabino Canyon Apartments.  They too failed to accommodate her disability.  This time, however, the apartment complex filed a forcible detainer action in Superior Court, which resulted in her moving in December 2006, and a judgment against her.

In addition to this lawsuit against her attorneys, the Plaintiff has sued the three apartment complexes, CV 07-253 TUC CKJ, CV 08-413 TUC RCC,[1] (the Sabino Canyon Apartments); CV 07-478 TUC RCC, CV 08-134 TUC CKJ,[2] (Oasis in the Catalinas), and CV 08-377 TUC RCC (the Plum Tree Apartments).  The Plaintiff sued the Tucson Police Department for inaction and action they allegedly took after she called them to report harassment, an assault, and noise disturbances by her landlord while she was living at the Plum Tree Apartments.  She filed suit in federal court to remove the forcible detainer action from the state to the federal court, CV 08-246 TUC CKJ, and sued the state court judges involved in the landlord-tenant dispute, CV 08-247 TUC DCB.

---

[1]This is the same case filed as CV 07-253 TUC CKJ, which Plaintiff voluntarily dismissed on June 5, 2007.  Plaintiff re-filed it on July 18, 2008, and it was randomly assigned to a different judge.

[2]The Oasis in the Catalinas Apartments were sold during the time she lived there, and she sues both owners for failing to accommodate her disability.

The cases against the apartment complexes have not been disposed of yet, but the removal case and the case against the state court judges have both been dismissed for failing to state a claim.  In both instances, the cases were legally and factually frivolous.

In CV 08-246 TUC CKJ, Judge Jorgenson explained to the Plaintiff that she failed to allege any state statute or constitutional provision that commands the state courts to ignore federal rights or to allege in what way the state court failed to accommodate her, therefore, there was no exception to the *Rooker-Feldman* doctrine, which precludes the federal courts from reviewing state court judgments.  (Order filed May 8, 2008 at 5-6) (citations omitted).

In CV 08-247 TUC DCB, this Court dismissed the case against the state court judges as barred by the doctrine of judicial immunity.  (Order filed May 9, 2008.)

These two cases were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the district courts to screen a complaint filed *in forma pauperis.*

Screening: 28 U.S.C. § 1915(e)(2)(B)

The Plaintiff also proceeds in this case *in forma pauperis,* which subjects this Complaint to screening, pursuant to 28 U.S.C. § 1915(e)(2)(A), and requires dismissal of the action if the Court determines the action is: 1) frivolous or malicious, 2) fails to state a claim on which relief may be granted, or 3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Factual frivolousness includes allegations that are clearly baseless, fanciful, fantastic, or delusional.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Legal frivolousness justifies dismissal under § 1915 where a complaint is based on "an undisputably meritless legal theory . . . [such as] claims against which it is clear that the defendants are immune from suit, and claims of infringement of a legal interest which clearly does not exist . . .."  *Id.* at 327.

This Complaint must be dismissed because it is legally and factually deficient and, therefore, fails to state a claim upon which relief may be granted.

1    The district courts have no obligation to act as counsel or paralegal to *pro se*

2 litigants.  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th

3 Cir. 2000) (*en banc*).  However, because the *pro se* litigant is unskilled in the law, she will

4 be more prone to make errors in pleading her case than a person who has the benefit of being

5 represented by counsel.  Therefore, the Court will explain the deficiencies in her Complaint

6 and afford her an opportunity to amend it.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.

7 1987).

8    The Plaintiff alleges that SALA Defendants violated her rights under the Americans

9 with Disabilities Act, Civil Rights Laws of 1964, the federal privacy laws, and the Fourteenth

10 Amendment right to due process.

11    As Judge Jorgenson explained in the screening order issued in CV 08-247 TUC CKJ

12 on May 9, 2008, 21 days before the Plaintiff filed this Complaint, in order to state a claim

13 under Title II of the ADA, the Plaintiff must allege the following: 1) she is an individual with

14 a disability, 2) she is otherwise qualified to participate in or receive the benefit of some

15 public entity's services, programs, or activities, 3) she was either excluded from participation

16 in or denied the benefits of the public entity's services, programs, or activities, or was

17 otherwise discriminated against by the public entity, and 4) such exclusion, denial of

18 benefits, or discrimination was by reason of her disability.  (Order at 6 (citing *O'Guinn v.*

19 *Lovelock Correctional Center*, 502 F.3d 1056, 1060 (9th Cir. 2007)).

20    Like she did in CV 08-247 TUC CKJ, the Plaintiff summarily alleges these elements

21 in the Complaint and also charges the Defendants with failing to accommodate her disability.

22 She specifically alleges the following facts: 1) she is disabled due to an impaired immune

23 system; 2) Defendants initially refused to provide her with legal services because she is

24 disabled, and 3) Defendants failed to accommodate her by making services accessible to her.

25    The Plaintiff's factual allegations are insufficient to support her disability claim

26 because contrary to her assertion that Defendants failed to provide services because she is

27

28                                            4

1    disabled, she alleges that they did provide services but they yelled at her, went on too many

2    vacations, failed to give her case the attention it deserved, and generally betrayed her to her

3    opponents.  These are legal malpractice claims, which are state law claims over which there

4    exists no independent basis for federal jurisdiction.  *Aragon v. Federated Dept. Stores Inc.,*

5    750 F.2d 1447, 1457-58 (9th Cir. 1985).

6        As to her claim that Defendants failed to accommodate her to make its services

7    available to her, the Court is left to guess as to what reasonable accommodation she

8    requested and Defendants allegedly denied her.  Without this factual allegation, she cannot

9    state a claim for failure to accommodate.  *See* (CV 08-247 TUC CKJ, Order filed May 9,

10   2008 at 6-7 (explaining this same problem in respect to Plaintiff's ADA claim that the

11   Arizona Superior Court failed to grant her reasonable accommodation).

12       The Plaintiff's claim under the Civil Rights Act of 1964, Section 201, is for sexual

13   harassment and sex and gender discrimination based on her allegation that she was denied

14   services due to her refusal to provide sexual favors.  The facts she alleges to support her

15   claim are that SALA attorney, Bruce Plenk, made sexual innuendoes that she ignored, which

16   caused him to stop calling her and to not return her calls, and he began misrepresenting her

17   and mishandling her case.  These facts support a claim for malpractice not her constitutional

18   charge that she was sexually harassed and discriminated against by Defendants because she

19   refused to provide sexual favors to Mr. Plenk.  Additionally, these facts fail to support a

20   claim under the Civil Rights Act of 1964, Section 201, which guards against sex

21   discrimination in employment, 42 U.S.C. § 2000e.  The relationship between Plaintiff and

22   Defendants was not that of employee and employer.  Her gender and sex discrimination

23   claim fails under the Civil Rights Act of 1964.

24       The Plaintiff has alleged a violation of the Fourteenth Amendment right to equal

25   protection under the United States Constitution.  Again, the Court must guess at the factual

26   basis for the claim.  If the Plaintiff is seeking protection from gender or sex discrimination

27

28                                              5

under the Fourteenth Amendment, she may proceed under 42 U.S.C. § 1983, if Defendants were state actors.  *Oona v. McCaffrey*, 143 F.3d 473, 476 (9th Cir. 1998). However, there is no factual allegation that the Defendants acted under color of state law.  The Plaintiff's claim of sex and gender discrimination fails unless she can show the attorneys were state actors or acting under color of state law.  *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003).

The Court dismisses the Plaintiff's Fourteenth Amendment Due Process Rights claim for the same reason Judge Jorgenson dismissed it in CV 08-247 TUC CKJ.  ". . . To state a claim under § 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution and laws of the United States and 2) the alleged deprivation was committed by a person acting under color of state law." *Id.* at 8-9 (citation omitted).  The Plaintiff must allege she was denied a specific right protected by the Constitution or federal law without due process or by a deliberate abuse of power without reasonable justification in aid of any government interest or objective, or done only to oppress her in a way that shocks the conscience.  Negligence is not sufficient to state a claim for substantive due process violations.  *Id.* at 9 (citations omitted).

If the Plaintiff's Fourteenth Amendment claim is that she was deprived of a right to be assisted in court, there is no such right.  (Complaint at 3.)  There is no constitutional right to counsel in a civil case.  *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982); *Randall v. Wyrick*, 642 F.2d 304, 307 n. 6 (8th Cir. 1981).

Assuming the Plaintiff's attorneys were state actors, she must allege  facts showing an affirmative act caused a constitutional deprivation.  *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).  As reflected above, the Court is left guessing regarding these two key elements.

The Plaintiff's Privacy Act claims also fail.  "'[T]he Privacy Act safeguards the public from the unwarranted collection, maintenance, use, and dissemination of personal information contained in [federal] agency records.  Walker has not alleged that any personal information contained in federal agency records was disseminated.'" (CV 08-247-TUC CKJ,

1    Order filed May 9, 2008, at 8) (quoting *Wilborn v. Dept. of Health and Human Services*, 49

2    F.3d 597, 600 (9th Cir. 1995), *abrogated on other grounds*).   The Plaintiff fails to state a

3    claim under the Health Insurance Portability and Accountability Act (HIPPAA).  "Indeed,

4    the Ninth Circuit has stated that 'HIPAA itself does not provide for a private right of

5    action.'" *Id.* at 7 (quoting *Webb v. Smart Document Solutions, L.L.C.*, 499 F.3d 1078, 1081

6    (9th Cir. 2007).

7            The Plaintiff may amend her Complaint to allege the necessary facts to support her

8    claims.  The Supreme Court has explained that to state a claim upon which relief can be

9    granted, "factual allegations must be enough to raise a right to relief above the speculative

10   level, on the assumption that all the allegations in the complaint are true even if doubtful in

11   fact." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007) (citations and internal

12   quotations omitted).  The Amended Complaint does not need detailed factual allegations, but

13   it must provide grounds for Plaintiff's entitlement to relief.  It requires more than labels and

14   conclusions.  A formulaic recitation of the elements of a cause of action will not do.  *Id.* at

15   1964 (citations and internal quotations omitted).

16            Once the Plaintiff states each claim adequately, it must be supported by showing any

17   set of facts consistent with the allegations in the complaint.  *Id.* at 1968 (abrogating a literal

18   reading of *Conley*: "A complaint should not be dismissed for failure to state a claim unless

19   it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

20   which would entitle him to relief.")   Dismissal is appropriate if the facts alleged do not state

21   a claim that is "plausible on its face." *Id.* at 1973.   Requiring the Plaintiff to allege facts

22   plausibly supporting (not merely consistent with) her claims reflects Rule 8(a)(2)'s threshold

23   requirement that the "plain statement" possess enough heft to "sho[w] that the pleader is

24   entitled to relief." *Id*. at 1959.

25

26

27

28                                              7

1    Vexatious litigant

2          The Plaintiff is being given leave to amend her Complaint to state a claim, however,

3    Plaintiff is warned that there is some evidence her claims are frivolous and malicious.  She

4    appears to have sued every apartment complex where she lived from July 2005, until

5    December 2006.  In the past, she has filed legally and factually frivolous claims to remove

6    the forcible detainer action from the state court to the federal court in an attempt to reverse

7    the judgment entered against her, and she has sued the presiding state court judges.  She has

8    filed claims in this case substantially similar in their deficiencies to the claims that were

9    dismissed in CV 08-247 TUC CKJ.  She has done this despite very thorough explanations

10   in CV 08-247 TUC CKJ as to the factual allegations necessary to support claims under the

11   ADA and 42 U.S.C. § 1983.

12         In the event the Plaintiff cannot amend her Complaint to state facts to support these

13   claims, yet she continues to pursue them they may be considered frivolous and malicious

14   claims, and dismissed pursuant to 28 U.S.C. § 1915(e).  The Court also has the power to

15   impose sanctions under 28 U.S.C. § 1988 and may impose sanctions on *pro se* litigants where

16   there is evidence of bad faith due to multiple proceedings which are unreasonable or

17   vexatious.  *Wages v. Internal Revenue Service*, 915 F.2d 1230, 1235-36 (9th Cir. 1989), *see*

18   *also, Aloe Vera of America, Inc. v. United States*, 376 F.3d 960, 964-65 (9th Cir. 2004)

19   (explaining the federal courts have inherent power to impose sanctions, such as awarding

20   prevailing party attorney fees when losing party has acted in bad faith, vexatiously, wantonly,

21   or for oppressive reasons).

22         The Court also has the inherent power to issue a vexatious litigant order, pursuant

23   to 28 U.S.C. § 1651(a), to enjoin the Plaintiff from filing any further actions or papers in the

24   federal district court without first obtaining leave of the court.  *DeLong v. Hennessey*, 912

25   F.2d 1144, 1146-49 (9th Cir. 1990).  Issuing a prefiling order is an extreme sanction and is

26   not appropriate except in the most exceptional circumstances.  *Molski v. Evergreen Dynasty*

27

28                                                          8

1   *Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (*per curium*). This Court would not enter such

2   an order with undue haste because it impedes access to the courts. *Id.*[3] "Nevertheless,

3   'flagrant abuse of the judicial process cannot be tolerated because it enables one person to

4   preempt the use of judicial time that properly could be used to consider the meritorious

5   claims of other litigants.'" *Id.* (quoting *DeLong*, 912 F.2d at 1148).

6        This Court will not take the extraordinary measure of issuing a prefiling order unless

7   it is absolutely necessary. First, the Court will give the Plaintiff the opportunity to self-

8   monitor and regulate her use of the federal courts. The Court dismisses the Complaint filed

9   by the Plaintiff on May 30, 2008, for the reasons set out in this Order, and grants Plaintiff

10  leave to file an Amended Complaint to state justiciable claims.

11        **Accordingly,**

12        **IT IS ORDERED** that Plaintiff has LEAVE TO AMEND her Complaint to state

13  specific factual allegations against proper Defendants. THE AMENDED COMPLAINT

14  MUST BE CLEARLY DESIGNATED AS "AMENDED COMPLAINT" ON THE FACE

15  OF THE DOCUMENT. The Amended Complaint must state specific allegations against

16  specific Defendant(s), named as Defendant(s); and identify who participated in which

17  activities alleged in the Amended Complaint; and state what injury, if any, Plaintiff suffered

18  as a result of the activities of each Defendant. THE AMENDED COMPLAINT MUST BE

19  RETYPED OR REWRITTEN IN ITS ENTIRETY AND MAY NOT INCORPORATE ANY

20  PART OF THE ORIGINAL COMPLAINT BY REFERENCE. Local Rule 7.1(d).

21        **IT IS FURTHER ORDERED** that in the event the Plaintiff files the Amended

22  Complaint, she shall do so by September 25, 2008, and she shall serve it on Defendants

23  within 30 days of the filing date of the Amended Complaint.

24

25

26        [3]The Court will not take such an extraordinary measure without first affording

27  Plaintiff an opportunity to show cause why a pre-filing order should not issue.

28                                    9

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to DISMISS all claims and to close this case, without further notice to Plaintiff, if she fails to file the Amended Complaint by September 25, 2008.

**IT IS FURTHER ORDERED** that in the event the Plaintiff files an Amended Complaint, but fails to serve it within 30 days of its filing date, the Court shall dismiss the Amended Complaint for failure to serve it as required under Fed. R. Civ. P.4(m).

**IT IS FURTHER ORDERED** that if after screening the Amended Complaint this case proceeds, the Plaintiff shall serve upon Defendants, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. The Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendants or counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been properly filed with the Clerk of the Court may be disregarded by the Court.

**IT IS FURTHER ORDERED** that the Plaintiff shall comply with the Local Rules of Practice for the United States District Court, District of Arizona. A copy of the Local Rules may be found under Rules of Court on the Court's internet site: http://www.azd.uscourts.gov. Also available on the website for the Plaintiff's review and use is a pamphlet, "Filing a Complaint on Your Own Behalf," which may be found under Operations & Filing.

**IT IS FURTHER ORDERED** that in the event Plaintiff proceeds here, she shall follow the Federal Rules of Civil Procedure and the Local Rules. The Plaintiff is instructed to take special notice of Local Rule 7.2 which provides specific requirements for civil motions, especially subsection (i) which provides that failure to file a timely response, or any other such non-compliance, "may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."

**IT IS FURTHER ORDERED** that at all times during the pendency of this action, Plaintiff shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this Order to the judges of the United States District Court for the District of Arizona in the following cases: CV 07-478 TUC RCC, CV 08-134 TUC CKJ, CV 08-377 TUC RCC, CV 08-412 TUC BPV, and CV 08-413 TUC RCC.

DATED this 5th day of September, 2008.

David C. Bury
United States District Judge

*copy to RCC, CKJ, BPV on 9/5/08 by cjs*

11